**Narcisco ORDAZ OTERO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73958.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Narcisco Ordaz Otero, El Monte, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Narcisco Ordaz Otero, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider an Immigration Judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we dismiss in part and deny in part the petition for review.

To the extent petitioner challenges the BIA's April 1, 2004 order affirming the IJ's order denying his application for cancellation of removal, we lack jurisdiction, because petitioner did not file a timely petition for review of that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

The BIA did not abuse its discretion by denying petitioner's motion for reconsideration because the motion did not challenge the BIA's dispositive determination that Ordaz–Otero failed to show a U.S. citizen relative would suffer exceptional and extremely unusual hardship if Ordaz–Otero were removed to Mexico. *See* 8 U.S.C. § 1229(b)(1)(D).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.